UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JANE DOE 1, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>KIRSTJEN NIELSEN, et al.,<br><br>Defendants. | Case No. 18-cv-02349-BLF   (VKD)<br><br>**ORDER RE JOINT DISCOVERY LETTER BRIEF**<br><br>Re: Dkt. No. 86 |

The parties seek resolution of two related discovery disputes:

1.  Whether Civil L.R. 16-5 applies to plaintiffs' sixth claim for relief under the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 702 and 706(2), and requires defendants to produce an administrative record 90 days from receipt of service of the summons and complaint.

2.  Whether defendants must produce an administrative record and/or whether plaintiffs should be permitted to engage in discovery pending resolution of any motion to dismiss defendants may file.[1]

For the reasons explained below, the Court ORDERS defendants to produce an administrative record.

**1.      Application of Civil L.R. 16-5 re Production of an Administrative Record**

Plaintiffs contend that because their sixth claim for relief seeks APA review of unlawful agency action, as reflected in an administrative record, Civil L.R. 16-5 requires defendants to

---

[1] The parties also ask for a decision on whether discovery may proceed pending resolution of plaintiffs' motions for class certification and summary judgment, but that issue is moot as those motions recently were decided.  *See* Dkt. No. 87.

produce that administrative record no later than July 20, 2018. Dkt. No. 86 at 2–3. Defendants

respond that Civil L.R. 16-5 does not apply because that rule contemplates production of a

"transcript" from an adjudicatory proceeding and that this case does not involve such an

adjudicatory proceeding. Further, defendants argue that because plaintiffs' sixth claim for relief

essentially challenges the denials of refugee status for plaintiffs Doe 3, Doe 4, and Doe 5, no

discovery should be permitted because such denials are unreviewable. *Id.* at 4.

Plaintiffs' sixth claim for relief states:

**SIXTH CLAIM FOR RELIEF**
**ADMINISTRATIVE PROCEDURE ACT**
**(On Behalf of All Plaintiffs, including the Class, Against All Defendants)**

95. Plaintiffs re-allege and incorporate by reference herein each and every allegation contained in paragraphs 1 through 94 above.

96. Defendants' conduct violates the Administrative Procedure Act because the program changes that resulted in the mass denials constitute final agency actions that were unlawful, including because they were "arbitrary, capricious, an abuse of discretion, or not in accordance with law." The agency actions should therefore be set aside pursuant to 5 U.S.C. § 702 and 5 U.S.C. § 706(2).

Dkt. No. 1 ¶¶ 95-96; *see also id.* ¶¶ 48-50.

Here, plaintiffs allege that "program changes"—i.e., changes in the Lautenberg-Specter

program—are final actions of an agency and subject to APA review, and that these actions were

unlawful because they were "arbitrary, capricious, an abuse of discretion, or not in accordance

with law." Plaintiffs ask that these final agency actions be set aside; they do not seek review of

particular denials of refugee status. As the Court understands it, plaintiffs' view is that Civil L.R.

16-5 compels the production by defendants of the administrative record reflecting the

government's changes to the Lautenberg-Specter program, but not the administrative records

relating to individual refugee status determinations.

The parties dispute the meaning and applicability of the portion of Civil L.R. 16-5 that

states: "In actions for District Court review on an administrative record, the defendant must serve

and file an answer, together with a certified copy of the transcript of the administrative record,

within 90 days of receipt of service of the summons and complaint." Civil L.R. 16-5. Plaintiffs

argue that their sixth claim for relief seeks district court review on an administrative record, so such record must be provided by operation of the local rule. Defendants focus on the term "transcript," arguing that it implies an adjudicatory proceeding that includes a transcript of hearing, and that the production required by the local rule is effectively limited to review of denial of Social Security benefits and other matters that involve such hearings. Defendants provide no authority to support their position.

While Civil L.R. 16-5 is most frequently implicated in review of Social Security matters, it is not limited to such matters. Certainly nothing in the rule's use of the term "transcript" compels the conclusion that its application is limited to administrative records that include only a transcript of an adjudicatory hearing, or that at least include such a transcript. Rather, the term "transcript" refers more broadly to the complete record of that administrative action to be reviewed by the Court. For example, in Social Security matters, the administrative record includes not only the transcript of any hearing that may have been conducted by the agency, but also the administrative law judge's opinion, the written submissions of the parties, and the claimant's medical records.

It is not clear from the complaint or from the parties' joint submission whether the sixth claim for relief is limited to review of the administrative record of a final agency action, or whether the parties intend to take discovery beyond production of the administrative record. *Cf. San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 992–93 (9th Cir. 2014) (discussing exceptions to the general rule that a court reviewing agency action under the APA must limit its review to the administrative record). Typically, cases seeking review of an administrative record are decided on motions for summary judgment based solely on the record, without additional discovery, as the remaining text of Civil L.R. 16-5 provides. The parties have not briefed this issue.

Accordingly, based on the current submissions, the Court finds that Civil L.R. 16-5 applies, by its terms, to any action seeking review by the Court of an administrative record, including plaintiffs' sixth claim for relief.

### 2.    Whether Discovery May Proceed as to the Sixth Claim for Relief

Defendants object to production of the administrative record, and any other discovery, on

the ground that plaintiffs' sixth claim for relief is essentially a challenge to particular denials of refugee status, which are unreviewable. For the reasons described above, that is not an accurate characterization of plaintiffs' sixth claim for relief. Although the sixth claim was not at issue in plaintiffs' motion for partial summary judgment, in resolving that motion, Judge Freeman rejected defendants' argument that the doctrine of non-reviewability precludes judicial review of any matter relating to application for refugee status, including compliance with statutory requirements. *See* Dkt. No. 87 at 23–25. However, as the Court notes above, it is not clear from the parties' joint submission whether they contemplate any discovery beyond the administrative record.

With respect to the administrative record, defendants do not contend that production of the record is unduly burdensome, cannot be made in the time frame demanded by plaintiffs, or is otherwise objectionable on any other ground recognized by Fed. R. Civ. P. 26(b)(1). To the extent defendants seek a stay of discovery pending resolution of a motion to dismiss plaintiffs' sixth claim for relief, the Court notes that no such motion to dismiss has been filed. If and when it is, any motion to stay discovery (including production of the record) pending resolution of a motion to dismiss the claim must be addressed in the first instance to Judge Freeman.

Accordingly, defendants shall produce to plaintiffs the administrative record reflecting the government's changes to the Lautenberg-Specter program no later than **August 3, 2018**, unless the parties stipulate to a different date of production.

**IT IS SO ORDERED.**

Dated: July 19, 2018

VIRGINIA K. DEMARCHI
United States Magistrate Judge