UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JANE DOE 1, ET AL.,<br>Plaintiffs,<br>v.<br>KIRSTJEN NIELSEN, et al.,<br>Defendants. | Case No. 18-cv-02349-BLF (VKD)<br><br>**ORDER RE JOINT DISCOVERY LETTER BRIEF**<br>Re: Dkt. No. 100 |

The parties seek resolution of two related discovery disputes:

1. Whether the August 3, 2018 declaration of Mary Margaret Stone filed by defendants complies with this Court's July 19, 2018 order requiring defendants to produce the administrative record reflecting the government's changes to the Lautenberg-Specter program (Dkt. No. 90).

2. Whether plaintiffs may seek jurisdictional discovery to determine if there is a final agency action under the Administrative Procedures Act ("APA").

Having considered the parties' joint submission, the Court grants in part and denies in part the relief sought by plaintiffs.

**I.  BACKGROUND**

The parties' discovery disputes concern plaintiffs' sixth claim for relief, which seeks APA review of changes defendants allegedly made to the Lautenberg-Specter program for processing the refugee applications of Iranian religious minorities. Dkt. No. 1 ¶¶ 95-96. On July 19, 2018, after review of the parties' earlier joint discovery letter brief, the Court ordered defendants to produce the administrative record reflecting the changes made to the Lautenberg-Specter program by August 3, 2018. Dkt. No. 90.

On August 3, 2018, defendants filed the declaration of Mary Margaret Stone, the Deputy Chief of the Refugee Affairs Division, within the U.S. Citizenship and Immigration Service ("USCIS") and the Department of Homeland Security ("DHS"). Dkt. No. 95-1. In her declaration, Ms. Stone describes her background, the general application process for refugees under the Lautenberg-Specter program, and the security screening process for applicants. *Id.* ¶¶ 1-10. Ms. Stone's declaration also contains the following assertions:

> 11. In 2016, through established interagency discussions and following extensive analysis, law enforcement and intelligence community partners advised that enhancements were needed in certain security check techniques to increase effectiveness and utility. These enhancements have enabled USCIS' law enforcement and intelligence community partners to identify more comprehensive – and sometimes derogatory – information on individual applicants than was available prior to 2016. This additional information from USCIS' law enforcement and intelligence partners resulted in USCIS denying a greater number of refugee applications, including denials of the Lautenberg cases processed out of Vienna.
>
> \*\*\*
>
> 15. I am aware that Plaintiffs have alleged that this increase in denials of Lautenberg cases was due to a change in policy by USCIS. No such change of policy occurred. The eligibility criteria and standard by which the Refugee Affairs Division of USCIS reviews applications made pursuant to the Lautenberg Specter Amendments have remained unchanged. The denials in this case were the result of information from our vetting partners' enhanced background and security checks.

*Id.* ¶¶ 11, 15. Her declaration attaches no records.

On August 14, 2018, defendants filed a motion to dismiss in which they contend, among other things, that plaintiffs' sixth claim for relief should be dismissed for lack of subject matter jurisdiction because there is no final agency action to review. Rather, defendants say that no changes were made to the Lautenberg-Specter program; USCIS simply began using information derived from enhanced security screening techniques as part of its overall consideration of applicants' admissibility. Dkt. No. 96 (Section V.C.).

## II. DISCUSSION

Plaintiffs argue that the Stone declaration is not an administrative record and does not otherwise comply with this Court's July 19, 2018 order. Dkt. No. 100 at 3–5. Defendants respond

2

that there is no record of a "discrete administrative decision or action" to use information derived from enhanced security vetting techniques in assessing plaintiffs' refugee applications. *Id.* at 6–7.

Clearly, defendants have not produced any records of any agency decision or action. The Stone declaration itself is not a record of agency action; rather, it expresses defendants' position that there is no final agency action to review. The Stone declaration refers to "discussions," "analysis," and "advi[ce]" from "law enforcement and intelligence community partners" that preceded USCIS' use of information from enhanced security vetting techniques, but it attaches no records of any such discussions, analysis, or advice.

In opposing plaintiffs' earlier demand for production of the administrative record, defendants argued that the record need not be produced because Civil Local Rule 16-5 only applies to Social Security benefits or other agency adjudicatory decisions and because plaintiffs' individual refugee denial decisions are unreviewable. Dkt. No. 86 at 3–7. Defendants did *not* contend then, as they do now, that there was no final agency action or that an administrative record did not exist, such that they could not produce a record even if the Court ordered them to do so.

This order does not address the merits of defendants' contention that no reviewable final agency action exists; it addresses only the questions presented by the parties. Regarding the first question, the Stone declaration does not comply with this Court's July 19, 2018 order. However, defendants' contention that no final agency action exists, coupled with Ms. Stone's alternative explanation for the dramatic increase in denials of refugee applications, calls into question the nature of the agency decision or action at issue in the sixth claim for relief. While plaintiffs are entitled to production of the whole administrative record for the agency decision or action responsible for the changes to the Lautenberg-Specter program described in the sixth claim for relief, the parties currently dispute what that action was, or even if there was an action at all. This makes effective enforcement of the Court's prior order requiring production of the administrative record difficult absent resolution of the jurisdiction issue raised in defendants' motion to dismiss.

Regarding the second question, the Court exercises its discretion to permit jurisdictional discovery here. In view of defendants' failure to produce any records, the Court finds that

3

discovery of the nature of the agency action issue is necessary in order for the parties and the Court to determine the scope of the administrative record to be produced. In addition, given the pendency of defendants' motion to dismiss, the Court finds that plaintiffs should be permitted to conduct discovery regarding the nature of the agency action at issue in the sixth claim for relief before having to respond to defendants' motion to dismiss that claim for lack of subject matter jurisdiction.

Plaintiffs have proposed a schedule for expedited discovery that defendants do not oppose. Dkt. No. 100 at 4, 9. The Court orders discovery to proceed according to that schedule as set forth below.

### III. CONCLUSION

Although defendants failed to comply with the Court's prior order to produce the administrative record, the Court denies without prejudice plaintiffs' request for a further order at this time. The Court grants plaintiffs' request to conduct jurisdictional discovery of the nature of the agency action at issue according to the following schedule:

1) Plaintiffs may serve written requests for discovery on defendants.
2) Defendants shall respond no later than 14 days after service of plaintiffs' requests.
3) Defendants shall produce documents responsive to plaintiffs' requests for production no later than 30 days after service of plaintiffs' requests.
4) Jurisdictional discovery shall be completed by November 7, 2018.

Plaintiffs may renew their request for a further order regarding production of the administrative record, if warranted, following the completion of jurisdictional discovery.

**IT IS SO ORDERED.**

Dated: September 7, 2018

VIRGINIA K. DEMARCHI
United States Magistrate Judge