UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JANE DOE 1, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>KIRSTJEN NIELSEN, et al.,<br><br>    Defendants. | Case No.18-cv-02349-BLF   (VKD)<br><br>**ORDER RE DEFENDANTS' JURISDICTIONAL DISCOVERY REVIEW AND PRODUCTION** |

On September 7, 2018, the Court granted plaintiffs' request to conduct jurisdictional discovery of the nature of the agency action at issue and set a schedule for the completion of such discovery by November 7, 2018. Dkt. No. 102.

On October 4, 2018, defendants moved for an extension of time. Dkt. No. 105. At the hearing on the matter, defendants represented that only a few thousand pages remained to be reviewed and produced, and that they would be able to complete production by December 7, 2018. Dkt. No. 132. Based on those representations, on November 6, 2018 the Court ordered defendants to complete production by December 7, 2018 and ordered the parties to complete all jurisdictional discovery by January 7, 2019. Dkt. No. 133.

On December 7, 2018, defendants advised the Court that they had not been able to fully comply with the Court's November 6, 2018 discovery order and were unable to commit to a date of compliance. Dkt. No. 137.

The Court held a telephonic discovery conference on December 14, 2018. Dkt. No. 139. At the conference, defendants provided an update regarding the status of their review and production efforts. Defendants estimate that between the Department of State and United States Citizenship and Immigration Services ("USCIS"), approximately 20,000 documents remain to be

reviewed. Defendants advised the Court that the "first line" review of collected documents for privilege, confidentiality, and responsiveness is being conducted solely by agency counsel. The Department of Justice ("DOJ") attorneys assigned to this case are not assisting with this initial review. Defendants advised the Court that these DOJ attorneys are not sufficiently familiar with the agencies' respective areas of law and applicable privileges to be able to meaningfully assist with this initial review.

The Court is disappointed to learn that defendants' representations as recently as November 6 about the volume of documents to be reviewed and the time required to review them were wildly inaccurate. The Court is also concerned that defendants' collection and review of electronically stored information has been unduly delayed as a result of too few knowledgeable personnel actually engaged in the collection and review, and a failure to timely enlist the appropriate technical expertise in extracting electronically stored information. *See* Dkt. No. 137 at 3, 5. Moreover, the parties appear not to have engaged in the type of discussion contemplated by Federal Rule of Civil Procedure 26(f)(3)(C) and this District's E-Discovery (ESI) Guidelines to ensure the efficient and cost-effective review and production of electronically stored information.

The Court's primary objective now is to facilitate the expeditious review and production of the remaining documents. To that end, the Court orders as follows:

Counsel for the parties shall participate in a candid discussion of: (1) the sources, custodians, and search methodology defendants have used and are using to collect, review, and produce documents responsive to plaintiffs' document requests; and (2) strategies for identifying, prioritizing, and expediting the production of documents that are most important for assessing whether a final agency action supporting plaintiffs' Administrative Procedure Act claim exists. The discussion may take place by telephone conference, video conference, or in person (or some combination thereof). Defendants shall ensure that knowledgeable agency counsel for the Department of State and USCIS participate in the discussion. The parties shall conduct this discussion no later than **December 31, 2018**.

Nothing in this order precludes plaintiffs from seeking leave of Court to notice a Rule 30(b)(6) deposition of one or more defendants regarding their efforts to comply with plaintiffs'

discovery requests. The Court hopes that the discussion of counsel that the Court has ordered will make such a deposition unnecessary.

Once defendants know how many documents remain to be reviewed and produced, they shall advise plaintiffs and report to the Court regarding a schedule for completing the remaining document production. The Court expects to receive this report no later than **December 31, 2018**.

**IT IS SO ORDERED.**

Dated: December 14, 2018

VIRGINIA K. DEMARCHI
United States Magistrate Judge