UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JANE DOE 1, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>KIRSTJEN NIELSEN, et al.,<br><br>    Defendants. | Case No.18-cv-02349-BLF   (VKD)<br><br>**ORDER RE DEFENDANTS' JURISDICTIONAL DISCOVERY REVIEW AND PRODUCTION** |

On January 22, 2019, the Court held a discovery status conference to discuss the status of jurisdictional discovery. Dkt. No. 157. Based on that discussion, the Court orders further proceedings as follows:

## 1.  **Documents Collected for Review**

Defendants advised the Court that USCIS and the Department of State have completed their collection of documents potentially responsive to plaintiffs' requests for jurisdictional discovery. USCIS has identified 807 documents that still need to be reviewed for production, and the Department of State has identified 14,396 documents that still need to be reviewed for production. At this time, defendants have a team of about five Department of State attorneys, including Margaret Pickering (Attorney-Advisor in the Office of Human Rights and Refugees in the Department of State's Office of the Legal Advisor), who are expected to be able to devote approximately 60 person-hours per week collectively to the review of the remaining documents. However, defendants indicated they were not able to provide a schedule for completion of the document review.

The Court remains concerned that, even with the additional agency resources available for this review project, there is no way the over 15,000 documents that remain can be reviewed within

1   a reasonable period of time without the assistance of the attorneys and/or their support teams from
2   the Department of Justice who are responsible for this matter.  In the five months since the Court
3   first ordered jurisdictional discovery, defendants have produced only 2,656 responsive documents.
4   Dkt. No. 149 at 2.

In the status report due on **February 13, 2019**, defendants shall advise the Court of their anticipated schedule for review and production of the remaining documents, taking into account the number of documents that need to be reviewed, the nature of the documents (e.g., emails, policy documents, etc.), the pace at which the reviewers will work (i.e., number of documents per hour or per day), and whether attorneys and other legal staff from the Department of Justice can assist with the initial review (as opposed to merely "second-line" review).

**2.    Policy-Related Documents**

Defendants represented that USCIS and the Department of State have produced all responsive documents that describe Security Advisory Opinions (SAOs) vetting changes, including policy-related SAO Requirements Review Board (SAORRB) documents and refugee-specific SAO documents.  Plaintiffs say that they cannot identify these documents within the production defendants have made to date.  Ms. Pickering advised that defendants can identify these documents by Bates number.

Accordingly, by **February 11, 2019**, defendants shall identify these documents by Bates number and provide that identification to plaintiffs.

**3.    Discovery Disputes That Require Resolution**

From the discussion at the conference, it appears that at least two discovery disputes require briefing and submission to the Court.

**a.    Metadata Fields**

The parties dispute which metadata fields should be included with defendants' production of electronically stored information (ESI).  The parties shall submit a joint discovery letter pursuant to the Court's Standing Order for Civil Cases regarding this dispute no later than **February 12, 2019**.

To the extent defendants contend that certain fields should not be included because they

expose privileged or other information that must be redacted and therefore impose an undue review burden on defendants, defendants should explain the basis for their assertions of privilege and or other grounds for redaction. The Court does not expect the parties to brief each and every instance in which defendants have redacted information; rather, the Court wishes to understand the nature of the redactions and how they impact the issue of which metadata fields should be included in the production of ESI. In connection with this dispute, the Court encourages counsel to review this District's E-Discovery (ESI) Guidelines (https://cand.uscourts.gov/eDiscoveryGuidelines) before submitting the dispute to the Court.

For this dispute only, the parties may have 2,000 words each for the statement of their respective positions, instead of 1,500 words. The parties may attach a list or description of the metadata fields at issue as an exhibit to their letter.

### b. Other Potential Policy-Related Documents

Plaintiffs expressed concern that two categories of relevant and responsive policy-related documents have not been produced—specifically, CARRP and Inter-Agency Checks documents. Defendants contend that these documents are not within the scope of the jurisdictional discovery ordered by the Court and are not responsive to plaintiffs' requests. The parties shall submit a joint discovery letter pursuant to the Court's Standing Order for Civil Cases regarding this dispute no later than **February 19, 2019**, unless the parties mutually agree to a different date.

### c. Other Discovery Disputes

The parties may submit joint discovery letters concerning other matters not described above as needed pursuant to the Court's Standing Order for Civil Cases.

**IT IS SO ORDERED.**

Dated: February 5, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge