UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JANE DOE 1, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>KIRSTJEN NIELSEN, et al.,<br><br>    Defendants. | Case No.18-cv-02349-BLF (VKD)<br><br>**ORDER SETTING DEADLINE FOR COMPLETION OF JURISDICTIONAL DISCOVERY** |

On February 25, 2019, defendants submitted a revised status report providing greater detail on USCIS's and the Department of State's proposed process and schedule for completing review and production of jurisdictional discovery documents targeted at determining whether a final agency action exists to support plaintiffs' Administrative Procedure Act claim. Dkt. No. 168.

In defendants' revised status report, USCIS represents that 852 documents remained to be reviewed, in addition to 10 classified responsive documents. *Id.* at 2. USCIS advises that three or four agency attorneys will conduct the "first-line review"[1] at an average rate of five documents per hour, and that three Department of Justice attorneys will conduct the "second-line review"[2] at an average rate of 25 documents per hour. *Id.* at 2–3. Based on those estimates, USCIS expects to complete its review and production by April 1, 2019. *Id.* at 3.

The Department of State represents that 14,396 documents remain to be reviewed, in

---

[1] Defendants have previously represented to the Court that agency counsel and staff are responsible for "first-line" review, which involves an initial review for privilege, confidentiality, and responsiveness. Dkt. No. 140; Dkt. No. 141 at 2.

[2] Defendants have previously represented to the Court that Department of Justice attorneys perform "second-line review," presumably also for privilege, confidentiality, and responsiveness. Dkt. No. 140.

addition to approximately 200 classified emails which may or may not be responsive. *Id.* at 3 n.2. The Department of State advises that seven agency attorneys will conduct the first-line review at an average rate of 17 documents per hour, and that three Department of Justice attorneys will conduct the second-line review at an average rate of 25 documents per hour. *Id.* at 4–5. Based on those estimates, the Department of State expects to complete its review and production by June 14, 2019. *Id.* at 5.

Although defendants have improved upon their earlier estimated dates of completion by several weeks, the Court remains concerned that defendants are not treating review of these documents with the urgency and diligence required. As Judge Freeman has repeatedly observed, plaintiffs and class members are refugees currently "in limbo" in Vienna, Austria—unable to return to Iran for fear of persecution, but unable to come to the United States due to the United States' rejections of their applications for refugee resettlement. Dkt. No. 147 at 2. Further delay could lead to plaintiffs' deportation back to Iran, where they fear persecution. *Id.* On that basis, Judge Freeman has "recognized the need to resolve this action *with haste*, issuing a summary judgment and class certification order within three months of the filing of the Complaint" and denying defendants' request to stay the case in light of the federal government shutdown due to lapse of appropriations. *Id.* at 2 (emphasis added); *see also* Dkt. No. 87.

Most concerning is the fact that none of the Department of Justice attorneys responsible for defending this case (or their legal staff) are participating in the initial "first-line" review of the over 15,000 potentially responsive documents that remain to be reviewed. Defendants' argument that the agency attorneys possess unique subject-matter expertise for determining responsiveness that Department of Justice attorneys lack is unpersuasive. While the Court is generally reluctant to micromanage parties' document review efforts, the slow pace of review and production to date and projected into the future changes the Court's calculus here.

The Court expects the Department of Justice attorneys of record—including counsel from the Office of Immigration Litigation who have appeared in this action—to be sufficiently well-versed in the law and facts relevant to this case to be able to identify documents responsive to plaintiffs' jurisdictional discovery requests during an initial "first-line" review. Counsel of record

may not simply delegate these discovery responsibilities to client agency counsel. *See, e.g.*, *Qualcomm Inc. v. Broadcom Corp.*, No. 05cv1958-B (BLM), 2008 WL 66932, at *9 (S.D. Cal. Jan. 7, 2008) ("For the current 'good faith' discovery system to function in the electronic age, attorneys and clients must work together to ensure that both understand how and where electronic documents, records and emails are maintained and to determine how best to locate, review, and produce responsive documents. Attorneys must take responsibility for ensuring that their clients conduct a comprehensive and appropriate document search."), *vacated in part on other grounds*, No. 05CV1958-RMB (BLM), 2008 WL 638108 (S.D. Cal. Mar. 5, 2008); *Abadia-Peixoto v. U.S. Dep't of Homeland Security*, No. CV 11-04001 RS (KAW), 2013 WL 4511925, at *2 (N.D. Cal. Aug. 23, 2013) (citing with approval *Qualcomm*, 2008 WL 66932, and criticizing the Department of Justice's deferral to agency counsel); *Cutting to the "Document Review" Chase: Managing a Document Review in Litigation and Investigations*, American Bar Association (June 29, 2017), https://www.americanbar.org/groups/business_law/publications/blt/2008/11/08_prasad/ (commenting that counsel must supervise the timely review and production of documents by, among other things, training document reviewers appropriately, providing them with memorandum and checklists to assist them in making review determinations, and educating them on appropriate responsiveness and privilege analyses).

Defendants cite their obligations in other ongoing litigation matters to explain at least in part the pace of their review and the estimated date of completion. Dkt. No. 137-1 ¶¶ 8, 10; Dkt. No. 137-2 ¶ 15 n.4. The Court has reviewed the dockets of the matters defendants identified to the Court on December 7, 2018, and found that the majority of those cases are closed, stayed pending appeal, or past the discovery stage. To the extent defendants contend that their obligations in those other matters hinder or otherwise prevent them from completing jurisdictional discovery in this action, this contention supports the Court's conclusion that more resources must be devoted to the task.

Expeditious completion of jurisdictional discovery—which was originally due to be completed by November 7, 2018 (Dkt. No. 102)—is in the interest of all parties. The sooner defendants complete jurisdictional discovery, the sooner plaintiffs may litigate their remaining

claim on the merits, and the sooner defendants may marshal the information they need to pursue their motion to dismiss that remaining claim. *See* Dkt. No. 121. With that and Judge Freeman's directive that this action be resolved "with haste" in mind, the Court orders defendants to complete their review and production of jurisdictional discovery by **April 30, 2019**. The Department of Justice attorneys and/or their legal staff must assist in the first-line review as necessary in order to meet this deadline.

No extensions of the April 30, 2019 deadline will be granted absent exceptional circumstances. Defendants are advised that counsel's workload, other litigation matters involving USCIS or the Department of State, and discovery disputes are not exceptional circumstances and are not grounds for delaying the review process. With respect to discovery disputes, the parties may raise any such disputes with the Court using the expedited procedure the Court makes available in all civil cases.[3]

**IT IS SO ORDERED.**

Dated: February 27, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[3] *See* Standing Order for Civil Cases, https://cand.uscourts.gov/vkdorders.

4