UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JANE DOE 1, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>KIRSTJEN NIELSEN, et al.,<br><br>    Defendants. | Case No. 18-cv-02349-BLF   (VKD)<br><br>**ORDER RE DISCOVERY DISPUTE RE CONFIDENTIALITY OF GOVERNMENT EMPLOYEE NAMES**<br><br>Re: Dkt. No. 181 |

The parties dispute whether the names of all government employees, with the exception of the USCIS Director and the Secretaries of State and Homeland Security, should be protected from public disclosure. Dkt. No. 181. The Court held a hearing on this matter on May 21, 2019. Dkt. No. 188. For the reasons explained below, the Court concludes that defendants have not demonstrated good cause to protect the names of all such employees from public disclosure.

## I.  BACKGROUND

In this action, plaintiffs seek review under the Administrative Procedures Act of changes defendants allegedly made to the Lautenberg-Specter program for processing the refugee applications of Iranian religious minorities. Dkt. No. 1 ¶¶ 95-96. Defendants contend that there is no final agency action to review, as no changes were made to the Lautenberg-Specter program; rather, USCIS simply began using information derived from enhanced security screening techniques as part of its overall consideration of applicants' admissibility. Dkt. No. 96 (Section V.C.); Dkt. No. 100 at 6–7. The Court permitted plaintiffs to take jurisdictional discovery regarding the nature of the agency action at issue. Dkt. No. 102.

Defendants have produced at least 2,656 documents to plaintiffs. Dkt. No. 162 at 2. The parties advise that virtually every document in this production includes the name of one or more

government employees. Defendants say that these names should be treated as "confidential" under the protective order in this case (Dkt. No. 135) and protected from public disclosure because the employees' interest in maintaining their privacy outweighs the public's interest in knowing their names.[1] All of the government employees are employed by the Departments of State or Homeland Security, but none of them is named or identified in the complaint. Some of them have signed declarations in support of defendants' submissions filed in this case.

## II. LEGAL STANDARDS

"As a general rule, the public is permitted access to litigation documents and information produced during discovery." *In re Roman Catholic Archbishop of Portland in* Oregon, 661 F.3d 417, 424 (9th Cir. 2011) (internal quotations omitted). In other words, nothing prohibits public disclosure of documents obtained during discovery, absent a court order to the contrary. *Id.*

Rule 26(c) of the Federal Rules of Civil Procedure governs protection of discovery materials. That rule permits a court to issue orders protecting a party or person from "annoyance, embarrassment, oppression, or undue burden or expense" upon a showing a good cause for such protection by the party producing discovery. Fed. R. Civ. P. 26(c). "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). If such a showing is made, the Court must balance the interests of the public against the interests of the private litigants to decide whether a protective order is warranted. *In re Roman Catholic Archbishop*, 661 F.3d at 424. Here, defendants are the parties seeking protection and have the burden of demonstrating good cause.

## III. DISCUSSION

Defendants have not provided the Court with any examples of documents that contain the names of the government employees defendants seek to designate as "confidential." The Court assumes, however, that all of the documents in which the names appear concern the nature of the

---

[1] Plaintiffs contend that defendants have not properly invoked the protections of the protective order because they did not mark the names as confidential, as required by paragraph 5.2 of the order, except when the names appeared next to an email address in a document. Defendants do not dispute plaintiffs' description of their confidentiality markings.

action in dispute, whether characterized as changes to the Lautenberg-Specter program that resulted in increased denials of refugee applications or as the use of information derived from enhanced security screening techniques as part of the overall consideration of those applications. Defendants say that these documents include the names of government employees at all levels of seniority and responsibility. Dkt. No. 189.

### A. Evidence of Particularized Harm Resulting from Disclosure

In considering whether good cause exists to restrict the public disclosure of the names of government employees, the Court first considers defendants' evidence of the specific prejudice or harm that will result if their names are disclosed.

Defendants argue that permitting public disclosure of the employee names is an invasion of these employees' privacy that may subject them to harassment. Dkt. No. 181 at 6. In support of this argument, defendants cite press reports describing a protest of the administration's immigrant family separation policy outside an ICE office in Portland, Oregon and the compilation and tweeting of ICE employees' already-public LinkedIn profiles. *Id.* As plaintiffs point out, neither of these incidents involved harm to government employees based on public disclosure of their names. *Id.* at 4. Plaintiffs also observe that defendants have already disclosed the names of some employees in this action as well as in other matters, without incident. *Id.*

The Court agrees with plaintiffs that defendants have made only a speculative and generalized assertion of harm with respect to employees whose names are included in documents produced in discovery and have not made the particularized showing Rule 26(c) requires.

### B. Balance of Public and Private Interests

Although defendants have not made the requisite showing at the first step of the Rule 26(c) analysis, the Court nevertheless considers whether the public has an interest in the names of these employees and how that interest compares to private interests of the employees.

Plaintiffs argue that the documents at issue involve agency decision-making regarding the refugee program and related security vetting of applicants for the program, and that the public has an interest in understanding the decisions the government has made about administration of the

refugee program and in knowing who is involved in implementing changes to the program.[2] Dkt. No. 181 at 5. Defendants respond that the documents at issue reveal little of interest to the public, as refugee admission is ultimately a discretionary determination, and that the conduct of individual employees is not at issue in this case. *Id.* at 7. Defendants contend that there is simply no need for the public to know the names of these employees. *Id.*

While individual admission decisions are likely not of substantial interest to the public, plaintiffs argue persuasively that administration of the Lautenberg-Specter program and any changes to the program or its administration certainly are of interest to the public. Documents bearing on the nature of the agency action at issue in this case seem like precisely the kinds of documents that shed light on an agency's performance of its duties and let citizens know what their government is up to. *See U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 772–73 (1989). The private interests at stake would need to be significantly more compelling and less speculative than what defendants have shown here to outweigh this public interest.

### C. Defendants' Other Arguments

Defendants' principal argument in support of designating employee names "confidential" is that if the same records were requested under the Freedom of Information Act ("FOIA"), the government would be permitted to redact the names under exemption 7(C), 5 U.S.C. § 522(b)(7)(C), which exempts from disclosure "records or information compiled for law enforcement purposes" where the release of such records "could reasonably be expected to constitute an unwarranted invasion of personal privacy." *See* Dkt. No. 6. As defendants acknowledge, FOIA rules do not govern discovery in this matter, but exemption 7(C) is not particularly helpful to defendants anyway. Defendants have not demonstrated that any of the documents at issue are "records or information compiled for law enforcement purposes" and, for

---

[2] Plaintiffs also cite a practical concern. Because virtually every document produced in discovery contains the name of at least one government employee, any court filing that includes a document from the production will need to be presumptively filed under seal, even if it otherwise contains non-confidential information, increasing the burden on plaintiffs and the Court to file and decide administrative motions requesting leave to file under seal pursuant to Civil Local Rule 79-5. *See* Dkt. No. 189. This burden does not seem particularly significant.

4

the reasons discussed above, the Court does not find the disclosure of the names of these government employees an *unwarranted* invasion of their personal privacy.

Defendants additionally argue in a footnote that the employee names do not meet Rule 26's threshold for discoverability—i.e., they are not relevant to a claim or defense or proportional to the needs of the case—and so plaintiffs are not entitled to discover them in the first place. This argument is not well-developed and adds little to the Rule 26 analysis. As a general matter, a document that is otherwise responsive to a discovery request must be produced as it is kept in the usual course of business and may not be altered to eliminate non-responsive information simply because the producing party believes the non-responsive information is not relevant to a claim or defense. *See* Fed. R. Civ. P. 34(b)(E)("Unless otherwise stipulated or ordered by the court . . . [a] party must produce documents as they are kept in the usual course of business . . . ."); *Orion Power Midwest, L.P. v. Am. Coal Sales Co.*, No. 2:05-CV-555, 2008 WL 4462301, at *2 (W.D. Pa. Sept. 30, 2008) ("There is no express or implied support for the insertion of another step in the process (with its attendant expense and delay) in which a party would scrub responsive documents of non-responsive information."); *cf. Am. Immigration Lawyers Assoc. v. Exec. Office for Immigration Review*, 830 F.3d 667, 670 (D.C. Cir. 2016) (holding that there is no statutory basis in FOIA for redacting ostensibly non-responsive information from a record deemed otherwise responsive). Defendants do not argue that the documents at issue are not relevant or that their production is disproportionate to the needs of the case. If the documents at issue are otherwise responsive to plaintiffs' discovery requests, then the employee names may only be redacted, or their disclosure restricted, if defendants show good cause for such protection under Rule 26(c).

**IV.  CONCLUSION**

For the reasons explained above, the Court concludes that defendants have not shown good cause to protect from public disclosure the names of government employees that appear in defendants' responsive documents. This order is without prejudice to defendants being able to show that particular documents or portions of documents, including portions containing names of law enforcement personnel operating in a covert capacity, should be redacted or protected from public disclosure on the basis of the law enforcement privilege, which is the subject of a separate

5

discovery dispute. *See* Dkt. No. 180.

**IT IS SO ORDERED.**

Dated: May 28, 2019

*[signature]*
VIRGINIA K. DEMARCHI
United States Magistrate Judge