UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JANE DOE 1, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>KEVIN K. MCALEENAN, et al.,<br><br>    Defendants. | Case No.18-cv-02349-BLF   (VKD)<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 179 |

    In connection with the parties' joint discovery letter concerning defendants' privilege redactions (Dkt. No. 180), plaintiffs filed an administrative motion to file portions of the joint letter under seal. Dkt. No. 179. Although the portions sought to be sealed were designated confidential by defendants, defendants did not file a response pursuant to Civil Local Rule 79-5(e)(1). Nevertheless, having considered plaintiffs' submission, the Court grants the administrative motion, as set forth below.

    There is a strong presumption in favor of access by the public to judicial records and documents accompanying dispositive motions that can be overcome only by a showing of "compelling reasons supported by specific factual findings." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (internal quotation marks and citation omitted). However, the presumption does not apply equally to a motion addressing matters that are only "tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety,* 137 S. Ct. 38 (2016). A litigant seeking to seal documents or information in connection with such a motion must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id*. at 1098–99; *Kamakana*, 447 F.3d at 1179–80.

Plaintiffs' motion to seal concerns information submitted in connection with a discovery dispute. The underlying discovery dispute does not address the merits of the parties' claims or defenses, but rather whether defendants' assertion of the law enforcement and deliberative process privileges is proper. The material to be sealed is only tangentially related to the merits of the case. The Court therefore applies the "good cause" standard of Rule 26(c).

The portions of the joint discovery letter plaintiffs ask to file under seal concern material that defendants have designated confidential, but that plaintiffs contend is already publicly available in a published opinion from the Second Circuit Court of Appeals in *ACLU v. Clapper*, 785 F.3d 787 (2d Cir. 2015). However, it is not clear whether the material defendants have designated here is precisely the same as the information published in *Clapper*. Accordingly, the Court grants plaintiffs' administrative motion and permits sealing of the material identified on page 6 of the parties' joint discovery letter.

**IT IS SO ORDERED.**

Dated: September 9, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge