UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JANE DOE 1, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>KEVIN K. MCALEENAN, et al.,<br><br>    Defendants. | Case No.18-cv-02349-BLF (VKD)<br><br>**ORDER RE DEFENDANTS' SEPTEMBER 20, 2019 NOTICES; ORDER TO SHOW CAUSE RE SANCTIONS FOR NON-COMPLIANCE**<br><br>Re: Dkt. Nos. 232, 233 |

On September 6, 2019, the Court issued an order regarding the parties' discovery dispute concerning defendants' assertion of the law enforcement and deliberate process privileges (Dkt. No. 180). Dkt. No. 223. The Court sustained in part and overruled in part defendants' privilege claims and redactions as to 57 documents submitted for in camera review, and ordered defendants to re-produce the documents to plaintiffs as appropriate and consistent with the Court's order by September 20, 2019. *Id.* at 15.

On September 20, 2019, defendants filed a notice of non-compliance with the Court's September 6 order. Dkt. No. 233. Plaintiffs filed a statement in response to defendants' notice on September 23, 2019. Dkt. No. 234. In their notice, defendants assert that they did not comply with the Court's order because vetting agency partners had determined "that certain documents *may* contain sensitive information that could be subject to certain classification . . . ." *Id.* ¶ 8 (emphasis original). In addition, defendants suggest that their compliance with the Court's order is delayed because the parties have not yet resolved their dispute about an amendment to the protective order that would permit defendants to produce documents on an outside counsel's eyes only basis. *Id.* ¶ 6; *see also* Dkt. No. 232.

Defendants previously represented to the Court that the 57 documents were *not* classified and therefore could be submitted to the Court for in camera review. Dkt. No. 201 at 2–3 ("Classification review for the documents pertinent to the Joint Discovery Letter Brief (Doc. 180) *has been finalized*, although vetting partner classification review remains pending for other documents that were subsequently produced pursuant to this jurisdictional discovery.") (emphasis original). Indeed, the Court's resolution of the parties' dispute concerning these privilege claims was substantially delayed while defendants assessed whether the documents were or were not classified. Dkt. Nos. 183, 190, 197, 201. The Court was able to review unredacted versions of each of those 57 documents precisely because defendants and its vetting partners already determined they contained no classified information. *See* Dkt. No. 201 at 3.

Having considered the parties' respective submissions, the Court ORDERS defendants to re-produce the 57 documents, as previously ordered by the Court in its September 6 order **immediately and in any event no later than September 24, 2019**. Defendants may re-produce the 57 documents on an "Outside Counsel's Eyes Only" basis[1], without prejudice to the parties presenting any dispute concerning amendments to the operative protective order (Dkt. No. 135) or designation of these documents using the discovery dispute resolution procedures in the Court's Standing Order for Civil Cases.

Furthermore, the Court ORDERS defendants to show cause why the Court should not impose monetary or other sanctions against them for failing to comply with the Court's September 6 order. A written response to this Order must be filed by **September 27, 2019**. The Court will hold a hearing on this Order to Show Cause on **October 1, 2019 at 10:00 a.m.** in Courtroom 2, Fifth Floor, 280 South First Street, San Jose, California 95113.

---

[1] Such a designation may be used for extremely sensitive information or items that would otherwise qualify for a "Confidential" designation under the operative protective order (Dkt. No. 135), the disclosure of which to another party or non-party would create a substantial risk of harm that could not be avoided by less restrictive means. Outside Counsel are "attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party." *See* Northern District of California Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets, ¶¶ 2.8, 2.12 (available at https://cand.uscourts.gov/model-protective-orders).

**IT IS SO ORDERED.**

Dated: September 23, 2019

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge