UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JANE DOE 1, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>KEVIN K. MCALEENAN, et al.,<br><br>    Defendants. | Case No.18-cv-02349-BLF   (VKD)<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 217 |

In connection with plaintiffs' motion to compel and for sanctions (Dkt. No. 218), plaintiffs filed an administrative motion to file portions of the accompanying attorney declaration and an exhibit under seal. Dkt. No. 217. Although the portions sought to be sealed were designated confidential by defendants, defendants did not file a response pursuant to Civil Local Rule 79-5(e)(1). Nevertheless, having considered plaintiffs' submission, the Court grants the administrative motion, as set forth below.

There is a strong presumption in favor of access by the public to judicial records and documents accompanying dispositive motions that can be overcome only by a showing of "compelling reasons supported by specific factual findings." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (internal quotation marks and citation omitted). However, the presumption does not apply equally to a motion addressing matters that are only "tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety,* 137 S. Ct.

///

///

38 (2016). A litigant seeking to seal documents or information in connection with such a motion must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1098–99; *Kamakana*, 447 F.3d at 1179–80.

Plaintiffs' motion to seal concerns information submitted in connection with a motion to compel discovery and for sanctions. The underlying motion does not address the merits of the parties' claims or defenses, but rather whether the Court should compel defendants to produce a particular document and sanction defendants for their conduct in discovery. The material to be sealed is only tangentially related to the merits of the case. The Court therefore applies the "good cause" standard of Rule 26(c).

The portions of the documents accompanying plaintiffs' motion to compel that plaintiffs ask to file under seal concern material that defendants have designated confidential. With respect to Exhibit S, the portions sought to be redacted are the identities and contact information for individuals in law enforcement, and the Court finds good cause for sealing that information. With respect to the portions of the declaration of Mariko Hirose that plaintiffs seek to seal, those portions appear to contain information similar to material filed in connection with the parties' May 7, 2019 discovery dispute (Dkt. No. 180). Plaintiffs take the position that the information has already been disclosed in the published opinion in *ACLU v. Clapper*, 785 F.3d 787 (2d Cir. 2015). However, as the Court previously concluded, it is not clear whether the material defendants have designated here is precisely the same as the information published in *Clapper*. Dkt. No. 226. Accordingly, the Court grants plaintiffs' administrative motion and permits sealing of the following materials:

| Document | Portion to be Sealed |
| --- | --- |
| Declaration of Mariko Hirose (Dkt. No. 219) | Pg. 8, lines 9, 13-14 |
| Exhibit S to the Hirose Declaration | Entire document |

This order is without prejudice to the parties later challenging the confidentiality designation of

2

the sealed documents.

**IT IS SO ORDERED.**

Dated: October 8, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge