UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JANE DOE 1, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>KEVIN K. MCALEENAN, et al.,<br><br>    Defendants. | Case No. 18-cv-02349-BLF (VKD)<br><br>**ORDER RE DISCOVERY PLAN**<br>Re: Dkt. No. 251 |

As directed by the Court, the parties have submitted their respective views regarding a plan for completing the remainder of jurisdictional discovery. Dkt. No. 251. Where the parties agree, the Court has adopted the agreed portions of their plan. Where the parties disagree, the Court resolves the disagreement as explained below.

**I.    JURISDICTIONAL DISCOVERY**

    **A.    Review and Reproduction of Redacted / Privileged Documents**

The parties advise that defendants completed their production of documents relating to jurisdictional discovery on April 30, 2019. Defendants have redacted some responsive documents based on the assertion of one or more governmental privileges and have demanded that plaintiffs return other responsive documents that defendants say were inadvertently produced without necessary redactions to account for one or more governmental privileges.

On September 6, 2019, the Court issued an order resolving the parties' disputes as to defendants' assertions of the law enforcement and deliberative process privileges for a representative sample of 57 documents. In light of that order, defendants agreed to re-review approximately 115 documents that include materials the government claims are privileged. The parties disagree about the timing and nature of this re-review. The Court resolves these disputes

as follows:

1. Defendants will complete their re-review of the approximately 115 agreed documents for production to plaintiffs by **October 23, 2019.**[1] The review will be comprehensive and not piecemeal. For each document, defendants shall advise plaintiffs of any and all claims of privilege or of any other reason, including classification, that the document cannot be produced to plaintiffs in unredacted form.

2. If disputes remain, the parties may present those disputes to the Court for resolution using the discovery dispute resolution procedures in the Court's Standing Order for Civil Cases, including the timing procedures of subsection (b), except that if the parties require more than 1,500 words for their respective positions, they may stipulate to greater word limits. Unredacted copies of disputed documents shall be submitted for in camera review.[2] In addition, defendants shall present their privilege claims so that the Court may easily identify and rule upon each discrete privilege claim within a document. Any disputes arising out of defendants' attempt to claw back documents are subject to the procedure set out in the Court's October 8, 2019 order (Dkt. No. 249).

**B.  Depositions of Defendants' Representatives**

The parties have agreed that defendants will provide representatives to testify in deposition

---

[1] This date is more than two weeks from the date defendants agreed to begin undertaking the review of these particular documents and more than six weeks from the date of the Court's September 6, 2019 order regarding the sample documents. Defendants have had well over a year to review the documents produced in this matter for privileges and classification. Defendants advised the Court that it began efforts to "remediate the classified spill" in late May or early June 2019. *See* Dkt. No. 197 at 2. On June 7, 2019, defendants advised the Court that they were continuing to review for classified documents previously produced but not subject to a pending discovery dispute. Dkt. No. 201 at 2–3 ("Defendants wish to reiterate that classification review remains pending for other documents that are *not* part of the Joint Discovery Letter Brief [Dkt. No. 180]. . . . As a result of the identified classified information found in documents previously produced, Defendants are reviewing documents that were produced on April 30, 2019, to evaluate whether additional documents contain classified information.").

[2] If any documents cannot be submitted to the undersigned magistrate judge because of a security classification, defendants shall so advise the Court so that those documents may be submitted to the presiding district judge for review.

2

regarding certain topics pursuant to Rule 30(b)(6). The parties dispute whether the depositions may be conducted in two phases, and they also dispute the timing of the depositions. The Court resolves these disputes as follows:

1. Plaintiffs may notice defendants' depositions on a subset of the agreed topics (e.g., topics addressed to document discovery only). The parties must confer regarding dates for the depositions, but the depositions shall take place no later than **November 15, 2019** unless the parties mutually agree otherwise.
2. Plaintiffs may notice defendants' depositions on the remaining agreed topics at some later date (e.g., topics addressed to the nature of the alleged change in agency policy). However, plaintiffs may not re-notice for further deposition those topics on which plaintiffs have already obtained testimony from defendants' representatives, absent leave of the Court for good cause shown or stipulation of the parties.
3. Nothing in this order precludes plaintiffs from serving requests for admissions instead of or in addition to taking deposition testimony.

**C.     Protective Order Designations**

The parties advise that they have agreed to reserve all protective order designation disputes until the conclusion of jurisdictional discovery so that they may focus their efforts on those documents most critical to the jurisdictional question at issue. Plaintiffs also say they have agreed to provide a list of disputed designations to defendants. Any disputes about those designations shall be addressed in accordance with the procedures set out in the amended protective order, which the Court will enter separately.

**D.     Discovery Dispute Resolution**

The Court understands that the parties may ask the Court to resolve additional disputes concerning privileges, protective order designations, and other matters, in addition to those discussed above. The Court's Standing Order on Civil Cases is intended to provide a mechanism for the parties to bring such disputes to the Court. The Court expects the parties to cooperate in submission of disputes to the Court, including complying with the deadlines that follow from one

3

party's demand for a conference of counsel.  The Court declines to order any different procedures or timing for resolution of such disputes at this time.

## II. FURTHER PROCEEDINGS

By **November 30, 2019**, the parties must file a status report with the Court advising the Court of the status of their efforts to complete the remaining jurisdictional discovery.

**IT IS SO ORDERED.**

Dated: October 15, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge