UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JANE DOE 1, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>KEVIN K. MCALEENAN, et al.,<br><br>    Defendants. | Case No. 18-cv-02349-BLF  (VKD)<br><br>**ORDER RE AMENDED PROTECTIVE ORDER**<br><br>Re: Dkt. Nos. 250, 252 |

The parties have submitted for the Court's consideration their respective proposed protective orders that are based on the Court's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets. Dkt. Nos. 250, 252. Although the parties agree with respect to several proposed revisions to the model order, they disagree as to others. Where the parties have agreed on revisions to the model order, the Court adopts those revisions. The Court resolves the parties' disagreements as follows:

**Section 3 (Scope).** The model order states that its protections do not apply to "information that is in the public domain at the time of disclosure to a receiving party." This provision is consistent with Ninth Circuit authority that prohibits parties from filing under seal documents that contain information that is already public. *See, e.g.*, *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2012 WL 4718104, at *2–3 (N.D. Cal. Sept. 28, 2012) (declining to seal information already made public). Defendants propose revising the text of the model order to state that the protections do not apply to "information that has been authorized for release in the public domain." There is no good reason to permit protection of information that is already in the public domain but which has not been the subject of a prior release authorization. The Court rejects defendants' proposal and will adopt the language of the model order.

**Section 5.3 (Inadvertent Failure to Designate).** The model order provides that an inadvertent failure to designate information under the protective order does not, by itself, waive a party's ability to obtain protection so long as the inadvertent failure to designate is "timely corrected." This provision does not spell out what counts as "timely corrected," but rather leaves that assessment for a case-by-case determination. Defendants propose revising the text of the model order to state that there is no waiver from an inadvertent disclosure "if timely corrected upon becoming aware of a failure to designate." This proposed revision reflects defendants' desire to narrow the circumstances in which an inadvertent disclosure without protection might be deemed untimely corrected to only those circumstances in which a party is aware of the disclosure and delays correcting it. There is no reason to so limit this provision. The Court will consider disputes about protection and inadvertent disclosure, if they arise, on a case-by-case basis. The Court rejects defendants' proposal and will adopt the language of the model order.

**Section 6.2 (Meet and Confer).** The parties agree that this provision of the model order should be modified to state that a party designating information for protection under the order "must" review those designations if challenged, reconsider the designations, and explain the basis for any designations that it refuses to change. In addition, plaintiffs propose to add to the model order a further requirement that the designating party "discuss the challenged designation with the appropriate authority or authorities." The Court finds this requirement unnecessary. The Court expects defendants to discuss any challenged designations with the producing agency in the course of fulfilling the requirement to reconsider any challenged designations and to explain the bases for retaining them. The Court will adopt the agreed revisions to this section of the model order, but rejects plaintiffs' additional proposal.

**Sections 7.3 and 7.4 (Disclosure of/Access to "Highly Confidential – Attorneys' Eyes Only" Information or Items).** The model order provides protections for particularly sensitive information which may be designated "Highly Confidential – Attorneys' Eyes Only" ("HC-AEO"), and the parties agree that any electronic documents so designated should be password-protected. In addition, defendants propose separate provisions governing access to and disclosure of information designated HC-AEO because they believe the model order (with the agreed

revisions) does not sufficiently restrict access to such materials. Plaintiffs propose to address this concern by limiting the people to whom HC-AEO materials may be disclosed.

The Court finds defendants' proposed revisions unnecessary. Access to HC-AEO information is already addressed in Section 7.1 of the model order, as revised by agreement of the parties. That provision requires a receiving party to store and maintain "Protected Material"— defined as materials designated "Confidential" or "HC-AEO"—at a location and in a secure manner that ensures that access is limited *only to the people authorized under the protective order*. Plaintiffs propose to limit the categories of people to whom HC-AEO information may be disclosed to (i) outside counsel of record and their employees to whom disclosure is reasonably necessary and who have also signed Exhibit A, (ii) the Court and its personnel, (iii) court reporters and their staff and other professional vendors to whom disclosure is reasonably necessary and who have also signed Exhibit A, and (iv) the author, recipient, or custodian of a document containing HC-AEO information or other person who otherwise possessed or knew the information. This provision is narrower than the model order, which would also permit disclosure of HC-AEO information to experts and professional jury consultants. Defendants' proposal to exclude outside counsel's employees, court reporters/videographers, and people who already know the contents of the HC-AEO material from having access to documents designated HC-AEO absent a court order is impractical and unduly burdensome for plaintiffs and the Court. The Court will adopt the parties' agreed revisions to Section 7.1 and plaintiffs' proposed revisions to Section 7.3.

**Section 11/13 (Inadvertent Production of Privileged or Otherwise Protected Material).** The parties agree that the protective order should reflect the procedures in the Court's October 8, 2019 order (Dkt. No. 249) for submitting discovery disputes arising out of documents defendants have produced to plaintiffs, but later seek to claw back. The Court adopts revisions to the model order to account for these procedures.

**Section 12.3/14.3 (Filing Protected Material).** The model order provides that "Protected Material" may be filed under seal pursuant to Civil Local Rule 79-5. "Protected Material" includes materials designated "Confidential" and "HC-AEO." Defendants propose distinguishing between these two categories of Protected Material for purposes of how they are treated if an

administrative motion to file under seal is denied under Civil Local Rule 79-5. Defendants have not demonstrated good cause for modifying the requirements of the local rule or for keeping documents from the public record after the Court has determined sealing is not warranted. The Ninth Circuit recognizes a strong presumption in favor of the public's access to judicial records and documents, and defendants will need to demonstrate a compelling reason for such materials to be filed under seal if and when they are used in connection with a dispositive motion. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). The Court will adopt the language of the model order.

**Section 13/15 (Final Disposition).** Defendants propose some revisions to this section of the model order that are redundant of Section 4 of the order or largely unnecessary. Nevertheless, the Court will adopt most of these revisions. The Court will not adopt defendants' proposed revision which purports to relieve them from certain obligations. This provision is not warranted with respect to designated documents plaintiffs produce, and it is irrelevant as applied to defendants' own designated documents, which defendants may retain or destroy following final disposition of this matter, unless some statute or regulation dictates otherwise.

**IT IS SO ORDERED.**

Dated: October 16, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge