UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JANE DOE 1, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CHAD F. WOLF, et al.,<br><br>    Defendants. | Case No. 18-cv-02349-BLF (VKD)<br><br>**ORDER RE FEBRUARY 18, 2020 DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 280 |

The parties dispute whether defendants may claw back from their document production a document (DEF-13914–DEF-13918) that includes a term defendants say is subject to the law enforcement privilege. Dkt. No. 280. Defendants argue that their disclosure of the unredacted document was inadvertent and that the Court has already decided that the law enforcement privilege applies because the document at issue is identical to document DEF-1934–DEF-1938, one of the documents considered in the Court's September 6, 2019 order (*see* Dkt. No. 223). *Id.* at 3–5. Plaintiffs argue that defendants waived the privilege by producing the document without redacting the disputed term or claiming privilege for it, and by permitting the document to be used during depositions without objection. *Id.* at 6–7.

Having considered the parties' submissions and counsel's arguments at the hearing on this matter, the Court concludes that defendants waived whatever privilege may have attached to the disputed term when they permitted the document—and the disputed term in particular—to be used and discussed in two depositions without objection, as defendants did not take reasonable steps to prevent the disclosure. *See* Fed. R. Evid. 502(b)(2); *see also Luna Gaming-San Diego, LLC v. Dorsey & Whitney, LLP*, No. 06cv2804, 2010 WL 275083, at *4–5 (S.D. Cal. Jan. 13, 2010)

(finding waiver of attorney-client privilege where privilege holder failed to object immediately to use of privileged document in deposition); *Hologram USA, Inc. v. Pulse Evolution Corp.*, No. 2:14-cv-00772-GMN-NJK, 2016 WL 3654285, at *2–3 (D. Nev. July 5, 2016) (same). The Court explained in its earlier order that it was disinclined to find waiver solely because defendants had delayed in asserting privilege with respect to documents inadvertently produced to plaintiffs. *See* Dkt. No. 224 at 8. However, defendants' failure to protect the privileged material in document DEF-13914–DEF-13918 differs in important respects from the circumstances the Court considered in its earlier order. After the Court's September 6, 2019 order resolving defendants' disputed assertions of privileges (Dkt. No. 223), defendants did not claw back DEF-13914–DEF-13918, even though it included disclosures inconsistent with the order. More importantly, defendants subsequently permitted the use of this document in depositions without objection. Such conduct is manifestly inconsistent with an assertion of the law enforcement privilege.

At the hearing, defendants argued that the Court should be reluctant to find waiver of the law enforcement privilege in circumstances where national security interests are at stake. Dkt. No. 288. The problem is that defendants are unable to articulate how disclosure of the disputed term implicates such interests. Defendants conceded during argument that, even when read in context, the term does not disclose specific operational details of any vetting technique, and defendants could not explain how disclosure of the term provides "a starting point" by which any particular law enforcement technique may be undermined. *See* Dkt. No. 280 at 5; Dkt. No. 288.[1]

Accordingly, defendants may not redact the disputed term from document DEF-13914–DEF-13918 based on assertion of the law enforcement privilege.

///

///

---

[1] The Court is mystified by defendants' suggestion at the hearing that the Court's September 6, 2019 order (or plaintiffs' take on that order) misled defendants into believing that the law enforcement privilege protects only the operational details of a vetting technique when that technique is applied in a particular refugee's case. Nothing in the Court's order supports that interpretation. Indeed, most of the Court's findings sustaining defendants' assertion of the law enforcement privilege did *not* involve the application of particular techniques in particular cases. *See* Dkt. No. 223-1 (appendix with document-specific rulings).

**IT IS SO ORDERED.**

Dated: February 25, 2020

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge