# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

|  |  |
|---|---|
| JANE DOE 1, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CHAD D. WOLF, et al., <br><br> Defendants. | Case No. 18-cv-02349-BLF <br><br> **ORDER DENYING PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT AND PLAINTIFFS' MOTION (1) FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT; (2) TO SUBSTITUTE PARTIES AND PROCEED BY PSEUDONYM; AND (3) TO AMEND CLASS CERTIFICATION ORDER** <br><br> [Re: ECF 290] |

Before the Court is Plaintiffs' administrative motion to file under seal portions of Plaintiffs' first amended complaint and Plaintiffs' Motion (1) for Leave to File a First Amended Complaint; (2) to Substitute Parties and Proceed by Pseudonym; and (3) to Amend Class Certification Order. ECF 290. Defendants filed a declaration in support of this motion. ECF 296. For the reasons stated below, the Court DENIES Plaintiffs' administrative motion.

Plaintiffs filed their administrative motion because Defendants designated portions of Plaintiffs' First Amended Complaint and Motion (1) for Leave to File a First Amended Complaint; (2) to Substitute Parties and Proceed by Pseudonym; and (3) to Amend Class Certification Order as "Confidential" and/or "Highly Confidential/Attorneys' Eyes Only." ECF 290, at 1. Plaintiffs do not believe that Defendants can meet the standard for sealing these portions of the documents and "believe the Court should deny this motion because Plaintiffs dispute Defendants' over-designation of information." ECF 290, at 2.

This parties will submit letter briefing on this over-designation dispute to Judge DeMarchi

1 on March 13, 2020. ECF 290, at 2; *see* Order Re Discovery Dispute Resolution Schedule, ECF 273. Plaintiffs request that this sealing request be consolidated with the over-designation dispute. ECF 290, at 2.

Defendants responded by submitting a declaration in support of Plaintiffs' administrative motion because they are the designating party for the protected material. ECF 296, at 1. Defendants state that they "cannot declare that 'all of the designated material is sealable'" because "Defendants do not know precisely which documents/materials Plaintiffs rely upon for their assertion that their identified redactions constitute sealable material." ECF 296, at 4. Defendants state that they "will explain further in their portion of the forthcoming joint dispute letter . . . the material [that] warrants [Highly Confidential/Attorneys' Eyes Only] designation – and thus should be protected from disclosure to the public." ECF 296, at 4. Additionally, Defendants argue that the designated material is sealable because it "discloses vetting techniques/processes/thresholds; denial bases and results of individual class member applications; and sources that inform refugee vetting generally and Plaintiff-class members' cases specifically." ECF 296, at 4. Defendants argue that "public disclosure of the designated information creates a substantial risk of serious harm to the security of the United States and to the integrity of the refugee program by providing insight that could enable applicants and bad actors to adjust both their behavior and the information available to conduct security vetting in administering the refugee program." ECF 296, at 4.

Parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5.

First, under Civil Local Rule 79-5(d)(1)(A), "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." The Court, therefore, need not wait for resolution of the over-designation dispute by Judge DeMarchi as the designation of material as "Highly Confidential/Attorneys' Eyes Only" would not be a sufficient reason to seal information.

Second, under Civil Local Rule, the designating party "must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L. R.

2

79-5(e)(1). While Defendants, the designating party, filed a declaration and provided some reasons as to why the information should be sealed, they specifically state that they "cannot declare that 'all of the designated material is sealable' as required under LR 79-5(d)(1)(A)." ECF 296, at 4. As this declaration does not comply with the Civil Local Rules, the Court DENIES Plaintiffs' administration motion to file under seal.

For any request that has been denied because the party designating a document as confidential or subject to a protective order has not provided sufficient reasons to seal, the submitting party must file the unredacted (or lesser redacted) documents into the public record no earlier than 4 days and no later than 10 days from the filing of this order.

**IT IS SO ORDERED.**

Dated: March 6, 2020

_____
BETH LABSON FREEMAN
United States District Judge