UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JANE DOE 1, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CHAD WOLF, et al.,<br><br>    Defendants. | Case No. 18-cv-02349-BLF (VKD)<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. No. 305 |

In connection with the parties' discovery dispute concerning de-designation (Dkt. No. 306), plaintiffs filed an administrative motion to file portions of the parties' joint discovery letter brief under seal. Dkt. No. 305. Defendants filed a response pursuant to Civil Local Rule 79-5(e)(1). Dkt. No. 311. Having considered the parties' submissions, the Court grants the administrative motion, as set forth below.

There is a strong presumption in favor of access by the public to judicial records and documents accompanying dispositive motions that can be overcome only by a showing of "compelling reasons supported by specific factual findings." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (internal quotation marks and citation omitted). However, the presumption does not apply equally to a motion addressing matters that are only "tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety,* 137 S. Ct. 38 (2016). A litigant seeking to seal documents or information in connection with such a motion must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1098–99; *Kamakana*, 447 F.3d at 1179–80.

Plaintiffs' motion to seal concerns the parties' joint discovery letter brief regarding

defendants' designation of certain discovery materials as "Highly Confidential/Attorneys' Eyes Only" or "Confidential." The underlying discovery dispute does not address the merits of the parties' claims or defenses, but rather whether the Court should order defendants reproduce certain documents with a lower level of confidentiality designation. While some or all of the material to be sealed may be relevant to the merits of the case, the matters to be decided by the Court are not. The Court therefore applies the "good cause" standard of Rule 26(c).

The portions of the joint discovery letter brief sought to be sealed concern material that defendants have designated "Highly Confidential/Attorneys' Eyes Only" or "Confidential" based on the law enforcement privilege and possible implications of national security. Whether these portions should be sealed is an issue raised in the parties' discovery dispute, which the Court has yet to resolve. Accordingly, the Court grants plaintiffs' administrative motion and permits sealing of the following materials:

| Document | Portion to be Sealed |
|---|---|
| Joint Discovery Letter Brief re De-Designation (Dkt. No. 206) | Page 4, line 36<br>Page 5, lines 1-3, 22, 30-31<br>Page 6, lines 1, 27<br>Page 7, lines 3, 9, 10-11, 19-20, 22-25, 26, 31-32, 33, 37-38, 40-41, 41-42, 44<br>Page 8, lines 3-4, 4-5<br>Page 9, line 31<br>Page 10, lines 8-9, 17-19<br>Page 11, lines 1, 16-18, 22, 28-29, 33, 34-35, footnote 8<br>Page 12, lines 9-10, 10-11, 11, 13-14, 16, 17, 20, 21, 28, 29-30, 30, 32, 32-33, footnote 13<br>Page 13, lines 4-5, 8-9, 10-11, 13, 15, 18, 18-19, 19-20, 22-23, 32- 33, 34, 35-36, 37, 42-43<br>Page 14, lines 4-6, 7-8, footnote 15, footnote 16 |

**IT IS SO ORDERED.**

Dated: March 19, 2020

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge