UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JANE DOE 1, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>CHAD WOLF, et al.,<br><br>        Defendants. | Case No. 18-cv-02349-BLF   (VKD)<br><br>**ORDER GRANTING ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 373, 393 |

In connection with defendants' motion for reconsideration (Dkt. No. 379), the parties seek to seal portions of their briefing and accompanying documents. Dkt. Nos. 373, 393. Having considered the parties' submissions, the Court grants the administrative motions, as set forth below.

There is a strong presumption in favor of access by the public to judicial records and documents accompanying dispositive motions that can be overcome only by a showing of "compelling reasons supported by specific factual findings." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (internal quotation marks and citation omitted). However, the presumption does not apply equally to a motion addressing matters that are only "tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety,* 137 S. Ct. 38 (2016). A litigant seeking to seal documents or information in connection with such a motion must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id*. at 1098–99; *Kamakana*, 447 F.3d at 1179–80.

The parties' motions to seal concern information submitted in connection with a discovery

dispute over whether defendants have appropriately applied confidentiality designations pursuant to the Amended Protective Order (Dkt. No. 256).  The underlying discovery dispute does not address the merits of the parties' claims or defenses, but rather whether defendants' confidentiality designations are proper.  The material to be sealed is only tangentially related to the merits of the case.  The Court therefore applies the "good cause" standard of Rule 26(c).

Defendants contend that the material proposed to be filed under seal encompasses information which, if publicly known, could harm national security and law enforcement interests, which the parties dispute.  Dkt. Nos. 373-1, 400.  The Court's order on defendants' motion for reconsideration concerns the propriety of defendants' confidentiality designations—issues that are similar to the issues presented in the administrative motions.  The Court's order on reconsideration is subject to review by the presiding judge, and if review is sought, the resolution of such review may impact whether the material proposed to be filed under seal should be filed under seal.  In these circumstances, and to preserve the status quo, the Court finds that good cause exists to seal the following material:

| Document | Portions to be Sealed |
| --- | --- |
| Declaration of Gabriel K. Poling in Support of Defendants' Motion for Reconsideration (Dkt. No. 379-2) | Highlighted portions on pp. 4–8 |
| Plaintiffs' Opposition to Defendants' Motion for Reconsideration (Dkt. No. 394) | Highlighted portions on the following:<br>Page 7, lines 6, 7, 8, 18, 19-20, 22<br>Page 8, lines 3, 4-5, 27<br>Page 9, lines 2, 28<br>Page 10, lines 2-3, 26-27<br>Page 12, 2-3 |

**IT IS SO ORDERED.**

Dated: September 17, 2020

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge