UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JANE DOE 1, et al.,<br><br>      Plaintiffs,<br><br>v.<br><br>JENNIFER B. HIGGINS, et al.,<br><br>      Defendants. | Case No.  18-cv-02349-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>[Re:  ECF 407] |

Before the Court is Plaintiffs' administrative motion to file under seal portions of their opposition to Defendants' motion to dismiss and associated exhibits. ECF 407. Plaintiffs filed their request because portions of the opposition to Defendants' motion to dismiss were designated by Defendants as "Highly Confidential/Attorneys' Eyes Only" or "Confidential" pursuant to the amended protective order (ECF 256) or which Plaintiffs understand Defendants would wish to keep under seal based on such designations. ECF 407, at 1. Defendants filed declarations in regarding the filing these portions under seal. ECF 412. For the reasons stated below, the motion is GRANTED IN PART and DENIED IN PART.

I.   **LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, filings that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are only

1    tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at
2    1097.
3           Sealing motions filed in this district also must be "narrowly tailored to seek sealing only of
4    sealable material, and must conform with Civil L.R. 79-5(d)." Civil L.R. 79-5(b). Under Civil
5    Local Rule 79-6(d), the submitting party must attach a "proposed order that is narrowly tailored to
6    seal only the sealable material" which "lists in table format each document or portion thereof that
7    is sought to be sealed." In addition, a party moving to seal a document in whole or in part must file
8    a declaration establishing that the identified material is "sealable." Civ. L.R. 79-5(d)(1)(A).
9    "Reference to a stipulation or protective order that allows a party to designate certain documents
10   as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id.*
11   Where the moving party requests sealing of documents because they have been designated
12   confidential by another party or a non-party under a protective order, the burden of establishing
13   adequate reasons for sealing is placed on the designating party or non-party. Civ. L.R. 79-5(e).
14   The moving party must file a proof of service showing that the designating party or non-party has
15   been given notice of the motion to seal. *Id.* "Within 4 days of the filing of the Administrative
16   Motion to File Under Seal, the Designating Party must file a declaration . . . establishing that all of
17   the designated material is sealable." Civ. L.R. 79-5(e)(1). "If the Designating Party does not file a
18   responsive declaration . . . and the Administrative Motion to File Under Seal is denied, the
19   Submitting Party may file the document in the public record no earlier than 4 days, and no later
20   than 10 days, after the motion is denied." Civ. L.R. 79-5(e)(2).

21   **II.   DISCUSSION**
22          This sealing motion concerns portions of Plaintiffs' opposition to Defendants' motion to
23   dismiss and exhibits filed in support of their briefing. The Court finds that those documents are
24   more than tangentially related to the merits of the case, and therefore that the compelling reasons
25   standard applies.
26          The Court finds that Plaintiff has demonstrated good cause for sealing the portions of the
27   opposition to the motion to dismiss and associated exhibits as set forth below.
28

| ECF No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 407-4 | Plaintiffs' Opposition to Defendants' Motion to Dismiss | GRANTED as to portions of the document highlighted at:<br>1:17-19<br>7:7<br>10:22-23, 24-25, 27<br>13:14-16<br>17:5<br>18:12, 25-26, 27-28<br>19:1, 7, 14, 27-28 | This document contains descriptions of an FBI technique designated law enforcement sensitive. Decl. of Gabriel K. Poling ("Poling Decl.") ¶ 12, ECF 412-1. If disclosed, this information would provide terrorists, their associates, and other criminals with a roadmap of a procedure by which law enforcement evaluates, analyzes, and shares information concerning terrorists and criminals. *Id.* Disclosure could cause serious harm because individuals may alter their behavior to avoid detection, which would compromise ongoing and future national security investigations. *Id.* Moreover, this document contains information that would reduce the efficacy of screening processes, methods, and techniques by enabling refugee applicants to adjust their behavior or take precautions to avoid discovery or evidence justifying denial of their applications. Declaration of Joanna Ruppel ("Ruppel Decl.") ¶ 4, ECF 412-2. Refugee applicants seeking to conceal criminal conduct, national security concerns, or other ineligibility, and/or individuals who seek to do harm to the nation or engage in criminal activities within the United States, may seek to circumvent known processes to avoid detection. *Id.* ¶ 6. Public release of sensitive details regarding screening procedures and results could enable nefarious actors to more easily exploit the refugee program. *Id.* Public knowledge of screening processes, methods and techniques will inherently limit the ability of USCIS and its U.S. government partners to identify refugee applicants who pose a national security or law enforcement risk, or are otherwise ineligible. *Id.* |
| 407-6 | Meyer Decl., Ex. 3 | DENIED as to all the highlighted | The Court denies this request because Defendants, the designating party, do not |

3

| | | portions: | seek to seal any portion of the document. Decl. of Sergio Sarkany ("Sarkany Decl.") 2, ECF 412 |
|---|---|---|---|
| 407-8 | Meyer Decl., Ex. 4 | GRANTED as to portions of the document highlighted at: 136:1-21 | The Court grants this request for the same reasons articulated regarding Plaintiffs' Opposition to Defendants' Motion to Dismiss. |
| 407-8 | Meyer Decl., Ex. 4 | DENIED as to portions of the document highlighted at: 133:1-4 | The Court denies this request because Defendants, the designating party, do not seek to seal this portion of the document. Sarkany Decl. 2. |
| 407-10 | Meyer Decl., Ex. 5 | DENIED as to portions of the document highlighted at: DEF-00005921.0001: Penultimate sentence of the first paragraph; These portions of the last sentence of the first paragraph: "However…where applicants" and "provided by the applicant. | The Court denies this request because Defendants, the designating party, do not seek to seal this portion of the document. Sarkany Decl. 2. |
| 407-10 | Meyer Decl., Ex. 5 | GRANTED as to portions of the document highlighted at: DEF-00005921.0001: Portions of the last sentence of the first paragraph not specifically mentioned above; DEF-00005921.0002: all highlighted portions | The Court grants this request for the same reasons articulated regarding Plaintiffs' Opposition to Defendants' Motion to Dismiss. |
| 407-11 | Meyer Decl., Ex. 6 | GRANTED in its entirety | The Court grants this request for the same reasons articulated regarding Plaintiffs' Opposition to Defendants' |

| | | | Motion to Dismiss. |
|---|---|---|---|
| 407-13 | Meyer Decl., Ex. 7 | GRANTED as to portions of the document highlighted at: DEF-00021467; DEF-00021468; DEF-00021469 except for the words "15 months; DEF-00021470; DEF-00021472 | The Court grants this request for the same reasons articulated regarding Plaintiffs' Opposition to Defendants' Motion to Dismiss. |
| 407-13 | Meyer Decl., Ex. 7 | DENIED as to portions of the document highlighted at: DEF-00021469: "15 months" | The Court denies this request because Defendants, the designating party, do not seek to seal this portion of the document. Sarkany Decl. 2. |
| 407-15 | Meyer Decl., Ex. 8 | GRANTED as to portions of the document highlighted at: DEF-00021461; DEF-00021462; DEF-00021463, except for "after 15 months;" DEF-00021464 DEF-00021465 | The Court grants this request for the same reasons articulated regarding Plaintiffs' Opposition to Defendants' Motion to Dismiss. |
| 407-15 | Meyer Decl., Ex. 8 | DENIED as to portions of the document highlighted at: DEF-00021463: "after 15 months" | The Court denies this request because Defendants, the designating party, do not seek to seal this portion of the document. Sarkany Decl. 2. |
| 407-17 | Meyer Decl., Ex. 10 | GRANTED as to portions of the document highlighted at: DEF-00016914.0034 DEF-00016914.0035 DEF-00016914.0036 DEF-00016914.0037 DEF-00016914.0038 | The Court grants this request for the same reasons articulated regarding Plaintiffs' Opposition to Defendants' Motion to Dismiss. |

**III.   ORDER**

For the reasons set forth herein, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' administrative motion to file under seal portions of their opposition to Defendants' motion to dismiss.

This Order disposes of ECF 407.

**IT IS SO ORDERED**

Dated: September 21, 2020

_____
BETH LABSON FREEMAN
United States District Judge