UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JANE DOE 1, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CHAD F. WOLF, et al.,<br><br>    Defendants. | Case No. 18-cv-02349-BLF<br><br>**ORDER GRANTING DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL (1) PORTIONS OF THE COURT'S JUNE 16, 2020 ORDER; AND (2) PORTIONS OF THE DECLARATION OF GABRIEL K. POLING**<br><br>[Re: ECF 364] |

Before the Court is Defendants' administrative motion to seal portions of this Court's June 16, 2020 Order, *see* Order, ECF 357, and portions of the Declaration of Gabriel K. Poling submitted in support of this motion, *see* ECF 364-6. Plaintiffs oppose some of Defendants' proposed redactions to the June 16, 2020 Order. *See* Response, ECF 367. The Court has considered the parties' briefs and declarations concerning this motion. Accordingly, the Court GRANTS Defendants' administrative motion.

**I.  LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, filings that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are only

tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

Sealing motions filed in this district also must be "narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civil L.R. 79-5(b). Under Civil Local Rule 79-6(d), the submitting party must attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed." In addition, a party moving to seal a document in whole or in part must file a declaration establishing that the identified material is "sealable." Civ. L.R. 79-5(d)(1)(A). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id.* Where the moving party requests sealing of documents because they have been designated confidential by another party or a non-party under a protective order, the burden of establishing adequate reasons for sealing is placed on the designating party or non-party. Civ. L.R. 79-5(e). The moving party must file a proof of service showing that the designating party or non-party has been given notice of the motion to seal. *Id.* "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration . . . establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1). "If the Designating Party does not file a responsive declaration . . . and the Administrative Motion to File Under Seal is denied, the Submitting Party may file the document in the public record no earlier than 4 days, and no later than 10 days, after the motion is denied." Civ. L.R. 79-5(e)(2).

**II.   DISCUSSION**

The Court finds that Plaintiff has demonstrated compelling reasons for sealing the portions of the hearing transcript as set forth below.

| ECF No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 357 | Order Granting in Part and Denying in Part Plaintiffs' Motion (1) for Leave to File a First Amended Complaint; | GRANTED as to the highlighted portions at: 5:16, 17-18, | This document contains operational details of highly sensitive counterterrorism intelligence, methods, and techniques. Decl. of Gabriel K. Poling ("Poling Decl.") ¶ 12. Disclosure |

2

| | | | |
|---|---|---|---|
| | (2) to Substitute Parties and Proceed by Pseudonym; and (3) to Amend Class Certification Order | 18-20, 20-22, 22-24, 27-28; 8:9; 12:14; 14:8, 8-10, 12-13 | of this information would create a substantial risk of serious harm to vetting efforts and to national security. *Id.* If disclosed, this information would provide terrorists, their associates, and other criminals with a roadmap of a procedure by which law enforcement gathers, evaluates, analyzes, and shares information concerning them or other terrorists or criminals. *Id.* ¶ 18. Disclosure of such operational details may cause individuals to alter their behavior or take precautions to avoid detection which would compromise ongoing and future national security investigations. *Id.* |
| 364-6 | Gabriel K. Poling Decl. | GRANTED as to the highlighted portions at: pp. 4-6 | This document explicitly identifies direct uses for the information at issue in ECF 357, thereby providing individuals who are potential threats to national security a "roadmap" to the refugee vetting processes for which Defendants seek protection through non-disclosure to the public. Decl. of Christopher W. Hollis at 2, ECF 364-1. |

### III. ORDER

For the foregoing reasons, the Court GRANTS Defendants' administrative motion to seal portions of this Court's June 16, 2020 Order and portions of the Declaration of Gabriel K. Poling submitted in support of this motion.

This order disposes of ECF 364.

Dated: September 22, 2020

_____
BETH LABSON FREEMAN
United States District Judge