**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JANE DOE 1, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CHAD F. WOLF, et al.,<br><br>Defendants. | Case No. 18-cv-02349-BLF<br><br>**ORDER GRANTING DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL PORTIONS OF THE PUBLIC TRANSCRIPT FOR THE MAY 21, 2020 HEARING**<br><br>[Re: ECF 363] |

Before the Court is Defendants' administrative motion to seal portions of the public transcript for the May 21, 2020 hearing before this Court. *See* Mot., ECF 363. Plaintiffs oppose one of Defendants' proposed redactions. *See* Opp'n, 372. The Court has considered the parties' briefs and declarations concerning this motion. Accordingly, the Court GRANTS Defendants' administrative motion.

**I.     LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, filings that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

Sealing motions filed in this district also must be "narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civil L.R. 79-5(b). Under Civil

1  Local Rule 79-6(d), the submitting party must attach a "proposed order that is narrowly tailored to
2  seal only the sealable material" which "lists in table format each document or portion thereof that
3  is sought to be sealed." In addition, a party moving to seal a document in whole or in part must file
4  a declaration establishing that the identified material is "sealable." Civ. L.R. 79-5(d)(1)(A).
5  "Reference to a stipulation or protective order that allows a party to designate certain documents
6  as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id.*
7  Where the moving party requests sealing of documents because they have been designated
8  confidential by another party or a non-party under a protective order, the burden of establishing
9  adequate reasons for sealing is placed on the designating party or non-party. Civ. L.R. 79-5(e).
10 The moving party must file a proof of service showing that the designating party or non-party has
11 been given notice of the motion to seal. *Id.* "Within 4 days of the filing of the Administrative
12 Motion to File Under Seal, the Designating Party must file a declaration . . . establishing that all of
13 the designated material is sealable." Civ. L.R. 79-5(e)(1). "If the Designating Party does not file a
14 responsive declaration . . . and the Administrative Motion to File Under Seal is denied, the
15 Submitting Party may file the document in the public record no earlier than 4 days, and no later
16 than 10 days, after the motion is denied." Civ. L.R. 79-5(e)(2).

**II.    DISCUSSION**

This sealing motion concerns portions of a transcript of the May 21, 2020 hearing before this Court regarding the merits of Plaintiffs' motion requesting leave to file an amended complaint. Mot. 2. This Court has previously applied the compelling reasons standard for sealing a complaint, *see* Order, ECF 401, and will apply the same standard to the hearing transcript concerning the merits warranting an amended complaint. The Court finds that Plaintiff has demonstrated compelling reasons for sealing the portions of the hearing transcript as set forth below.

| ECF No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 363-2 | Tr. of May 21, 2020 hearing | GRANTED as to as to portions of the document highlighted at: 7:7, 20-21 | This document contains highly sensitive counterterrorism intelligence, methods, and techniques. Decl. of Gabriel K. Poling ("Poling Decl.") ¶ 11, ECF |

| | | | |
|---|---|---|---|
| | | | 363-4. If disclosed, this information would provide terrorists, their associates, and other criminals with a roadmap of a procedure by which law enforcement gathers, evaluates, analyzes, and shares information concerning them or other terrorists or criminals. *Id.* ¶ 12. Such disclosure may cause individuals to alter their behavior or take precautions to avoid detection which would compromise ongoing and future national security investigations. *Id.* |

### III.    ORDER

For the foregoing reasons, the Court GRANTS Defendants' administrative motion to seal portions of the public transcript for the May 21, 2020 hearing before this Court.

This order disposes of ECF 363.

**IT IS SO ORDERED.**

Dated: September 22, 2020

_____
BETH LABSON FREEMAN
United States District Judge