**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JANE DOE 1, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>CHAD F. WOLF, et al.,<br><br>        Defendants. | Case No. 18-cv-02349-BLF<br><br>**ORDER DENYING DEFENDANTS' RULE 72(A) MOTION FOR RELIEF** |

Before the Court is Defendants' motion for relief from a non-dispositive pretrial order of Magistrate Judge Virginia K. DeMarchi, pursuant to Federal Rule of Civil Procedure 72(a). Mot., ECF 426. Defendants challenge Judge DeMarchi's September 17, 2020 order ("Reconsideration Order"), *see* ECF 418, regarding Defendants' motion for reconsideration concerning Defendants' confidentiality designations for certain discovery materials. *See* Mot. After the Court ordered Plaintiffs to respond to Defendants' motion, Plaintiffs filed an opposition brief arguing that Judge DeMarchi's decisions were not clearly erroneous or contrary to law, which is the applicable standard of review. *See* Opp'n, ECF 430.

**I.    BACKGROUND**

On May 27, 2020, Judge DeMarchi issued an order ruling on the confidentiality designations of certain documents and deposition testimony Defendants produced in discovery. *See* Order Re Discovery Dispute Re Defendants' HC-AEO Designations, ECF 343. She found that some of Defendants' confidentiality designations were warranted at least for purposes of discovery and that some documents did not warrant those designations. *Id.* 1. Defendants then filed a motion for relief from Judge DeMarchi's order with this Court, objecting to sixteen of Judge DeMarchi's designation denials. *See* Mot., ECF 346. In denying that motion on June 18, 2020, this Court

stated,
> The Court, however, recognizes that Defendants may have a stronger jurisdictional discovery argument now because the Court denied Plaintiffs' motion for leave to add the FBI as a defendant. *See* ECF 357. Because this fact was not before Judge DeMarchi when she ruled on Defendants' argument, the Court cannot reconsider it here. If Defendants would like to re-assert their jurisdictional discovery argument, Defendants may raise the issue with Judge DeMarchi in a subsequent motion.

Order, ECF 360. Defendants took the Court's suggestion and filed a motion for reconsideration with Judge DeMarchi on June 30, 2020. *See* Mot., ECF 379. Judge DeMarchi issued her order on Defendants' motion for reconsideration on September 17, 2020. See Order re Motion for Reconsideration re Discovery Order ("Reconsideration Order"), ECF 418. Judge DeMarchi found that Defendants were "effectively seek[ing] a do-over on the merits, including asking the Court to consider the declaration of FBI Acting Section Chief Gabriel K. Poling (Dkt. No. 373-4) concerning the harm he believes will result from disclosure of the disputed items—a declaration not previously before the Court." Reconsideration Order 5. Applying the proper standard for reconsideration, Judge DeMarchi found that Defendants had not identified any reason for her to reconsider her finding that Defendants had not made the showing of particularized harm that is required for a confidentiality designation. Reconsideration Order 6. Likewise, Judge DeMarchi found that Defendants failed to identify a reason for her to consider the information in the Poling declaration, which could have been submitted in connection with the parties' original dispute. *Id.* 6-7. Judge DeMarchi did sua sponte review her designations and applied the "highly confidential-attorney's eyes only" designation to two of the sixteen documents in dispute. Reconsideration Order 7. Defendants then filed this current motion before the Court for relief from Judge DeMarchi's Reconsideration Order on October 2, 2020.

## II.    LEGAL STANDARD

A magistrate judge's non-dispositive pretrial order may be modified or set aside if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).  "[T]he magistrate's factual determinations are reviewed for clear error, and the magistrate's legal conclusions are reviewed to determine whether they are contrary to law." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010). With respect to factual determinations, this Court "may not simply substitute [its] judgment for that of the magistrate judge." *Fitness Anywhere LLC v. Woss Enterprises LLC*, No.

14-CV-01725-BLF, 2015 WL 12977018, at *1 (N.D. Cal July 2, 2015). The Court should overturn the magistrate's decision only where the Court has a "definite and firm conviction that a mistake has been committed." *Id.*

### III. DISCUSSION

Having reviewed the evidence, the Court finds no clear error and that Judge DeMarchi's decision was not contrary to law. The Court acknowledges Defendants' argument that this Court sealed the same or similar information under a higher "compelling reasons" standard. Mot. 3. However, this Court considered different evidence—namely, the Poling declaration—that was properly before this Court but not properly before Judge DeMarchi when she made her decision. Defendants' failure to present their best evidence to Judge DeMarchi at the beginning of this dispute is not a problem for this Court to fix. While the result may be anomalous, this Court has no basis to overturn Judge DeMarchi's decision. She applied the proper standard on her motion for reconsideration, and her decision is not clearly erroneous or contrary to law. Accordingly, the Court DENIES Defendants' motion.

**IT IS SO ORDERED.**

Dated: December 1, 2020

_____
BETH LABSON FREEMAN
United States District Judge

3