# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| JANE DOE 1, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>ALEJANDRO MAYORKAS, et al.,<br><br>　　　　Defendants. | Case No. 18-cv-02349-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' PROPOSED REDACTIONS TO THE COURT'S MARCH 15, 2021 ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>[Re: ECF 437, 438] |

The Court has received the parties' proposed stipulations (ECF 438) regarding redactions to this Court's March 15, 2021 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, which was filed under seal. *See* Order, ECF 433. Exhibit B at ECF 438-2 contains the redactions the parties agree on and additional proposed redactions from the Government. *See* Ex. B, ECF 438-2. The parties also seek to seal the materials they submitted to this Court to resolve this dispute (ECF 437). For the reasons stated below, the Court GRANTS in part and DENIES in part the redactions proposed in Exhibit B.

## I.　LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978)). Consequently, filings that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are

only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097. Sealing motions filed in this district also must be "narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civil L.R. 79-5(b).

## II. DISCUSSION

The Court finds that the compelling reasons standard applies to these redactions and has compared the proposed redactions with the Court's prior sealing orders in this case. *See* ECF 401, 420, 421, 422. The Court's rulings on the sealing request is set forth in the table below.

| **ECF No.** | **Document** | **Result** | **Reasoning** |
|---|---|---|---|
| 438-2 | Ex. B, Motion to Dismiss (Defendants' Proposed Redactions) | DENIED as to the portion at:<br><br>4:16-17 ("and issued a SAO "not clear" result, labeling the case a security threat, whenever it found")<br><br>4:28 (footnote 3) | This information was previously publicly in Plaintiff's First Amended Complaint ¶¶ 5, 64 ECF 383-4, consistent with the Court's order at ECF 401. |
| 438-2 | Ex. B, Motion to Dismiss (Defendants' Proposed Redactions) | GRANTED as to the remaining highlighted portions. | The Court finds this information sealable for the reasons articulated in ECF 401. |
| 437-4 | Ex. B, Motion to Dismiss (Defendants' Proposed Redactions) | *See* result for ECF 438-2. | This document is identical to ECF 438-2 and the Court's decision is identical. |
| 438-1 | Ex. A, Motion to Dismiss (Plaintiffs' Proposed Redactions) | GRANTED as to the highlighted portions. | The Court finds this information sealable for the reasons articulated in ECF 401. |
| 437-3 | Ex. A, Motion to Dismiss (Plaintiffs' Proposed Redactions) | *See* result for 438-1. | This document is identical to ECF 438-1 and the Court's decision is identical. |

## III. ORDER

1    For the reasons set forth herein, the Court GRANTS in part and DENIES in part
2    Defendants' motion to file under seal portions of Exhibit B.  The Court further directs the
3    Defendants to separately file the redacted version of the order, consistent with this Court's ruling.

Dated: March 30, 2021

_____
BETH LABSON FREEMAN
United States District Judge